UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOHN DAVID WILSON, )<br>    Appellant, )<br>)<br>v. )<br>)<br>U.S. BANK, NATIONAL ASSOCIATION )<br>AS LEGAL TRUSTEE FOR TRUMAN )<br>2016 SC6 TITLE TRUST, )<br>    Appellee. )<br>_____ ) | Civil Action No. 4:21cv135 |

**MEMORANDUM OPINION**

This matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") pursuant to 28 U.S.C. § 158(a). Appellant John David Wilson ("Appellant"), appearing *pro se*, appeals a September 30, 2021 Order of the Bankruptcy Court in Case No. 21-50445 ("September 30, 2021 Order"), which granted a "Motion for Relief from the Automatic Stay" ("Motion") that was filed by Appellee U.S. Bank, National Association as Legal Trustee for Truman 2016 SC6 Title Trust ("Appellee"). Transmittal Notice Appeal at 1, ECF No. 1; *see* Sept. 30, 2021 Order, ECF No. 2-1, at 7. For the reasons set forth below, Appellant's appeal will be DISMISSED.

**I. RELEVANT BACKGROUND**

Appellant defaulted on a loan that was secured by certain real property ("Property") and subsequently filed a Chapter 7 bankruptcy petition. Sept. 30, 2021 Order at 1, ECF No. 2-1, at 7; Letter, ECF No. 2-1, at 15. Appellee sought to foreclose on the Property and filed a Motion in the Bankruptcy Court, in which Appellee asked for relief from the automatic stay. Sept. 30, 2021 Order at 1-2.

On September 28, 2021, the Bankruptcy Court held a remote Zoom hearing on Appellee's Motion, during which Appellant and counsel for Appellee were present. *Id.* at 1. Following the hearing, the Bankruptcy Court issued its September 30, 2021 Order, in which it determined that "the uncontroverted facts" established that "the loan [was] significantly in default in payments and there [was] no equity in the . . . [P]roperty." *Id.* The Bankruptcy Court further determined that "cause exist[ed] to grant [the] relief" requested by Appellee. *Id.* The Bankruptcy Court stated:

> The approximate payoff of the subject loan as set forth in the Motion for Relief was $583,839.52 as of August 4, 2021; it being undisputed by Pro [Se] Debtor that the loan is in default; with the approximate default amount inclusive of payments from January 1, 2018 through September 1, 2021 inclusive of fees and costs totaling approximately $174,771.76 and with there being no equity in the subject property, with the tax assessed value set forth in the Motion being $423,000.00; the Debtor's Schedule A/B Value of the property of $450,000.00 and the purchase offer letter in the amount of $569,000.00 included with Debtor's Response to the Motion for Relief; it is
>
> **ORDERED** that the automatic stay of 11 U.S.C. § 362(a) is hereby terminated as to all parties to permit the Movant to enforce the lien of its Deed of Trust as it pertains to the real property.

*Id.* at 1-2 (emphasis in original).

Appellant appealed the Bankruptcy Court's September 30, 2021 Order to this Court. Transmittal Notice Appeal at 1, ECF No. 1. After receiving an extension of time to do so, Appellant filed a brief in support of his appeal on June 3, 2022 ("Appellant's Brief"). Order at 1-2, ECF No. 4; Appellant's Br., ECF No. 5. Appellee did not respond to Appellant's Brief, and its response deadline has expired.

## II. ANALYSIS

Appellant's Brief does not address the factual or legal arguments set forth in Appellee's Motion and does not challenge the propriety of the Bankruptcy Court's September 30, 2021 Order. *See* Appellant's Br. at 1-2, ECF No. 5. Instead, Appellant's Brief focuses on events that allegedly occurred after the entry of the September 30, 2021 Order. *Id.* For example, Appellant states that

the Property was sold at a foreclosure sale on January 10, 2022. *Id.* at 1. Appellant further states that he "ha[s] not seen the original note" and is "not confident that [Appellee] is a holder in due course or the appropriate party to foreclose against the [P]roperty." *Id.* Additionally, Appellant claims that (i) "[t]he foreclosing Trustee did not allow appropriate time for [Appellant] to cure the deficiency prior to accelerating the loan, and prior to proceeding with the foreclosure sale"; (ii) Appellant "made an appropriate proposal for a loan modification, which was inappropriately denied by [the] lender"; (iii) Appellant "proposed a deed in lieu of foreclosure, which the purported lender refused to accept"; (iv) Appellant "submitted a proposed short sale to a bona fide purchaser . . . ; however, the purported lender refused to accept that short sale offer as presented"; and (v) "[t]he auction was not commercially viable." *Id.*

Based on the representations made in Appellant's Brief, it appears that this appeal has been rendered moot. As courts have explained, "[w]hen a debtor fails to obtain a stay of an order lifting an automatic stay, thus allowing the creditor to foreclose and a sale to a good faith purchaser to be effected, the foreclosure renders moot any bankruptcy appeal concerning the propriety of the lifting of the stay." *In re Riley*, 25 F. App'x 149, 152 (4th Cir. 2002) (citing *In re March*, 988 F.2d 498, 499 (4th Cir. 1993); *In re Sullivan Cent. Plaza I, Ltd.*, 914 F.2d 731, 733 (5th Cir. 1990); *In re Lashley*, 825 F.2d 362, 364 (11th Cir. 1987)); *see Varden v. Wells Fargo Bank, N.A.*, No. 1:18cv1567, 2019 U.S. Dist. LEXIS 154836, at *9-10 (E.D. Va. Sept. 10, 2019). Here, it does not appear that Appellant obtained a stay of the Bankruptcy Court's September 30, 2021 Order, which lifted the automatic stay. Therefore, the Court finds that the subsequent foreclosure sale of the Property rendered Appellant's current appeal moot. Accordingly, Appellant's appeal will be DISMISSED.[1]

---

[1] Assuming, for the sake of argument, that Appellant's appeal was not rendered moot, this Court would affirm the Bankruptcy Court's September 30, 2021 Order. On appeal, the district court reviews findings of fact made by the

## III. CONCLUSION

For the reasons set forth above, Appellant's appeal will be DISMISSED.

An appropriate Order shall issue.

/s/ *signature*
Roderick C. Young
United States District Judge

Richmond, Virginia
July 18, 2022

---

Bankruptcy Court for clear error and its legal conclusions *de novo*. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014); *see In re Harford Sands, Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008). Additionally, "[a] decision to lift the automatic stay under section 362 of the [federal bankruptcy] Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In re Lee*, 461 F. App'x 227, 231 (4th Cir. 2012) (quoting *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)).

Although Appellant appealed the Bankruptcy Court's September 30, 2021 Order to this Court, Appellant's Brief focuses on events that allegedly occurred after the entry of the September 30, 2021 Order. Appellant's Br. at 1-2, ECF No. 5. Appellant's Brief does not address the factual or legal arguments set forth in Appellee's Motion and does not challenge the propriety of the Bankruptcy Court's September 30, 2021 Order. *Id.* at 1-2. Thus, there is nothing before this Court to suggest that the Bankruptcy Court's factual findings in its September 30, 2021 Order were clearly erroneous, that the Bankruptcy Court erred in its legal conclusions, or that the Bankruptcy Court abused its discretion in granting Appellee's request to lift the automatic stay. *See In re Taneja*, 743 F.3d at 429; *In re Lee*, 461 F. App'x at 231; *In re Mosko*, 515 F.3d at 324; *In re Harford Sands, Inc.*, 372 F.3d at 639. Accordingly, if Appellant's appeal were not moot, this Court would affirm the Bankruptcy Court's September 30, 2021 Order.